

STATE OF MAINE
BOARD OF NURSING
158 STATE HOUSE STATION
AUGUSTA, MAINE
04333-0158

Paul R. LePage
GOVERNOR

MYRA A. BROADWAY, JD, MS, RN
EXECUTIVE DIRECTOR

| | |
|---|---|
| IN RE:  InterCoast Career Institute )<br>South Portland & Kittery, ME  )<br>)<br>) | AMENDMENT TO THE<br>CONSENT AGREEMENT<br>REGARDING CERTIFICATE<br>OF APPROVAL OF LPN PROGRAM |

## INTRODUCTION

This document is an Amendment to the Consent Agreement that concerns the certificate of approval for the Practical Nursing Programs (LPN) of InterCoast Career Institute (ICCI) located in Kittery and South Portland, Maine. The parties to this Amendment are ICCI, the Maine State Board of Nursing (Board) and the Office of the Attorney General, State of Maine. The parties enter into this Amendment pursuant to 32 M.R.S. §2105-A (1-A)(B) and §8003(5)(B).

## FACTS

1. Title 32 M.R.S. §2101 provides that the Board "is the state regulatory agency charged with protection of the public health and welfare in the area of nursing service."

2. Title 32 M.R.S. §§2104 and 2153-A provide the Board with broad authority to evaluate and regulate nursing educational programs offered within the State of Maine.

3. On March 27, 2013, the parties entered into a Consent Agreement regarding ICCI's certificate of approval of its Licensed Practical Nursing ("LPN") program. The Consent Agreement required, among other things, that:

   a. ICCI obtain "candidacy" status of its LPN program by the National League for Nursing Accrediting Commission (NLNAC) within twelve (12) months following the execution of the Consent Agreement;

   b. ICCI obtain accreditation of its LPN program by the National League for Nursing Accrediting Commission (NLNAC) within eighteen (18) months of achieving candidacy status; and

   c. ICCI maintain accreditation of its LPN program by the National League for Nursing Accrediting Commission (NLNAC).

   d. ICCI's certificate of approval would be automatically revoked for failure to obtain candidacy status and accreditation by the NLNAC within the previously identified time frames <u>unless</u>:

      (i) *Prior to the expiration of the specific time frames established in paragraph 19 above, ICCI notifies the Board in writing of circumstances – not the result of ICCI's action or inaction – that may lead to ICCI's failure to obtain candidacy status and accreditation by the NLNAC within the specific time frames established in paragraph 19 above; and*

      (ii) *The Board in its sole discretion determines that ICCI's failure to obtain candidacy status and accreditation by the NLNAC within the specific time frames established in paragraph 19 above was not the result of any action or inaction by ICCI. Any determination by the Board regarding this issue does not require an adjudicatory hearing and is not subject to judicial review or appeal.*



InterCoast Career Institute – Amendment to Consent Agreement Regarding Certificate of Approval of LPN Program
Page 2 of 4

> *If the Board, in its sole discretion, agrees to extend the time frames established in paragraph 19 above, it may offer a written amendment to this Consent Agreement to accomplish that purpose.*

4. On or about March 24, 2014, ICCI was notified by the Accreditation Commission for Education in Nursing (ACEN), the successor organization to the NLNAC, that its application for candidacy status had been "deferred" based upon two comprehensive independent reviews that indicated non-compliance with ACEN Accreditation standards.

5. On or about April 15, 2014, ICCI, through its legal counsel, notified the Board that it would not achieve candidacy status by March 27, 2014 as required by the March 27, 2013 Consent Agreement. In addition, ICCI requested an opportunity to demonstrate that its failure to achieve candidacy status was not due to its own action or inaction.

6. On July 15, 2014, the Board held a special meeting to allow ICCI and its staff to make presentations with regard to ICCI's failure to achieve candidacy status. At the conclusion of the special meeting, the Board made the following specific findings of fact:

    a. That ICCI violated the March 27, 2013 Consent Agreement by failing to achieve candidacy status with the NLNAC/ACEN within twelve (12) months following the execution of the Consent Agreement; and

    b. That ICCI had failed to demonstrate that its failure to achieve candidacy status with the NLNAC/ACEN was not the result of its own action or inaction.

    After making the foregoing specific findings of fact, the Board voted to stay the automatic revocation of ICCI's certificate of approval for thirty (30) days and offer ICCI this Amendment to the March 27, 2013 Consent Agreement.

7. Unless ICCI accepts this Amendment to the March 27, 2013 Consent Agreement by signing, dating and returning it to the Maine State Board of Nursing, 158 State House Station, Augusta, Maine 04333-0158 <u>on or before August 15, 2014</u>, ICCI's certificate of approval for its LPN program shall be revoked.

## AMENDMENT

8. In lieu of the Board's immediate revocation of ICCI's certificate of approval for its LPN program, ICCI agrees to the following amendment to paragraphs 19 and 20 of the March 27, 2013 Consent Agreement:

    Paragraph 19: <u>Candidacy Status and Accreditation by the NLNAC.</u> In light of the acknowledgment in paragraph 18 above, and in lieu of probationary status, ICCI agrees and understands that upon the execution of this Amendment to Consent Agreement, its LPN educational program shall:

    a. Obtain "candidacy" status by the Accreditation Commission for Education in Nursing (ACEN) or its successor organization on or before January 31, 2015;

    b. Obtain accreditation of its LPN program by Accreditation Commission for Education in Nursing (ACEN) or its successor organization within eighteen (18) months of achieving candidacy status;

    c. Provide all current and prospective students of ICCI's LPN program with a "disclosure statement" (whose form and method of publication shall be pre-approved by the Board) that ICCI's failure to achieve candidacy status with ACEN on or before January 31, 2015 and/or accreditation with the ACEN within eighteen (18) months of achieving candidacy status will result in the revocation of its certificate of approval and closure of the school; and

    d. After achieving accreditation, maintain accreditation of its LPN program by the Accreditation Commission for Education in Nursing (ACEN) or its successor.

    ICCI shall be solely responsible for the coordination of and all costs associated with meeting the foregoing requirements as well as any costs associated with achieving and maintaining candidacy and accreditation of ICCI's LPN program by the Accreditation Commission for Education in Nursing (ACEN) or its successor organization.

    Paragraph 20: <u>Failure to Obtain Candidacy Status and Accreditation by the ACEN or its successor organization.</u> ICCI understands and agrees that its failure to obtain candidacy status and accreditation by the ACEN or its successor organization within the specific time frames established in paragraph 19 above, shall result in the automatic administrative revocation (such authority hereby delegated to Board staff without requirement of further deliberation by the Board), without hearing or judicial review or appeal, of its certificate of approval for all of ICCI's LPN programs in the State of Maine. Such a revocation shall be made pursuant to the powers granted to the Board under 32 M.R.S. §2153-A (6).

9. ICCI understands and agrees that, other than the amendments described above in paragraph 8 of this Amendment, all other terms and conditions of the March 27, 2013 Consent Agreement Regarding Certificate of Approval of LPN Program remain in full force and effect.

10. ICCI further understands that this Amendment, along with the March 27, 2013 Consent Agreement Regarding Certificate of Approval of LPN Program, constitutes final, non-appealable action regarding ICCI's Certificate of Approval from the Board to provide an LPN educational program in this State.

11. This Amendment is a public record within the meaning of 1 M.R.S. §402 and will be available for inspection and copying by the public pursuant to 1 M.R.S. §408-A.

12. ICCI understands that it does not have to execute this Amendment and that it has the right to consult with an attorney before entering into this Amendment.

13. ICCI has been represented by Attorney Charles Dingman, Esq., who has participated in the negotiation of this Amendment.

I, GEETA BROWN, HAVE READ AND UNDERSTAND THE FOREGOING CONSENT AGREEMENT. I UNDERSTAND THE EFFECT IT WILL HAVE ON ICCI'S CERTIFICATE OF APPROVAL. I UNDERSTAND THAT BY SIGNING IT, ICCI WAIVES CERTAIN RIGHTS. I SIGN IT VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY AND AGREE THAT ICCI WILL BE BOUND BY THIS AGREEMENT. I UNDERSTAND THAT THIS CONSENT AGREEMENT CONTAINS THE ENTIRE AGREEMENT AND THERE IS NO OTHER AGREEMENT OF ANY KIND.

DATED: 8/13/14

FOR ICCI - GEETA BROWN
PRESIDENT, ICCI

DATED: 8/13/2014

CHARLES DINGMAN, ESQ.
ATTORNEY FOR ICCI

InterCoast Career Institute – Amendment to Consent Agreement Regarding Certificate of Approval of LPN Program
Page 4 of 4

DATED: 8/15/14

FOR THE MAINE STATE BOARD OF NURSING

MARGARET HOURIGAN, RN, EdD
CHAIR PRO TEM

DATED: 8/15/14

FOR THE OFFICE OF THE ATTORNEY GENERAL

RONALD O. GUAY
Assistant Attorney General

Effective Date: 8/15/14