# Complaint Exhibit 3

|  |  |
|---|---|
| IN RE: InterCoast Career Institute<br>South Portland & Kittery, ME | ) SECOND AMENDMENT TO THE<br>) CONSENT AGREEMENT<br>) REGARDING CERTIFICATE<br>) OF APPROVAL OF LPN<br>) PROGRAM |

## INTRODUCTION

This document is the Second Amendment to the Consent Agreement that concerns the certificate of approval for the Practical Nursing Programs (LPN) of InterCoast Career Institute (ICCI) located in Kittery and South Portland, Maine. The parties to this Amendment are ICCI, the Maine State Board of Nursing ("Board") and the Office of the Attorney General, State of Maine. The parties enter into this Amendment pursuant to 32 M.R.S. § 2105-A (1-A) (B) and § 8003(5)(B).

## FACTS

1. Title 32 M.R.S. § 2101 provides that the Board "is the state regulatory agency charged with protection of the public health and welfare in the area of nursing service."

2. Title 32 M.R.S. §§2104 and 2153-A provide the Board with broad authority to evaluate and regulate nursing educational programs offered within the State of Maine.

3. On March 27, 2013, the parties entered in to a Consent Agreement (Consent Agreement) regarding ICCI's certificate of approval of its Licensed Practical Nursing ("LPN") program. The Consent Agreement required, among other things, that:

    a. ICCI obtain "candidacy" status of its LPN program by the NLNAC within twelve (12) months following the execution of the Consent Agreement;

    b. ICCI obtain accreditation of its LPN program by the NLNAC within eighteen (18) months of achieving candidacy status with NLNAC; and

    c. ICCI maintain accreditation of its LPN program by the NLNAC;

    d. ICCI's certificate of approval be automatically revoked for failing to obtain candidacy status and accreditation within the previously identified time frame unless:

        (i) Prior to the expiration of the specific time frames established in paragraph 19 above, ICCI notified the Board in writing of circumstances – not the result of ICCI's action or inaction – that lead to ICCI's failure to obtain candidacy status and accreditation by the NLNAC within the specific time frames; and

        (ii) The Board in its sole discretion determined that ICCI's failure to obtain candidacy status and accreditation by the NLNAC within the specific time frames established was not the result of any action or inaction by ICCI. Any determination by the Board regarding this issue did not require an adjudicatory hearing and is not subject to judicial review or appeal. If the Board, in its sole discretion, agreed to extend the time frames established, it could offer a written amendment to the Consent Agreement to accomplish that purpose.



Case 2:17-cv-00331-JAW   Document 1-3   Filed 08/29/17   Page 2 of 3    PageID #: 47

InterCoast Career Institute – Second Amendment to Consent Agreement Regarding Certificate of Approval of LPN Program
Page 2 of 3

4. On or about March 24, 2014, ICCI was notified by the Accreditation Commission for Education in Nursing (ACEN), the successor organization to the NLNAC that its application for candidacy status had been "deferred" based upon two comprehensive independent reviews that indicated non-compliance with ACEN Accreditation standards.

5. On or about April 15, 2014, ICCI, through its legal counsel, notified the Board that it would not achieve candidacy status by March 27, 2014 as required by the Consent Agreement. In addition, ICCI requested an opportunity to demonstrate that its failure to achieve candidacy status was not due to its own action or inaction.

6. On July 15, 2014, the Board held a special meeting to allow ICCI and its staff to make presentations with regard to ICCI's failure to achieve candidacy status. At the conclusion of the special meeting, the Board made the following specific findings of fact:

    a. That ICCI violated the Consent Agreement by failing to achieve candidacy status with the NLNAC/ACEN within twelve (12) months following the execution of the Consent Agreement; and

    b. That ICCI had failed to demonstrate that its failure to achieve candidacy status with the NLNAC/ACEN was not the result of its own action or inaction.

    After making the foregoing specific findings of fact, the Board voted to stay the automatic revocation of ICCI's certificate of approval for thirty (30) days, and offer ICCI the First Amendment to the Consent Agreement.

7. On August 13, 2014 ICCI executed the First Amendment to the Consent Agreement extending the time allowed to achieve its accreditation.

8. In May of 2015 ICCI closed its Kittery location.

9. On or about January 29, 2015 ICCI achieved candidacy status with ACEN. Pursuant to the Consent Agreement, ICCI would have been required to achieve initial accreditation by July 29, 2016.

10. On September 11, 2015, ICCI's Legal counsel informed the Office of the Attorney General of ICCI's Senior Management's business decision to consider voluntarily discontinuing the practical nursing program, and, on September 15, 2015, the institution communicated its decision to initiate a teach out of its current nursing students.

## AMENDMENT

11. ICCI agrees to the following amendment to paragraphs 19 and 20 of the Consent Agreement:

    Paragraph 19:   ICCI agrees to voluntarily surrender its certificate of approval, such surrender to be effective on March 31, 2016. ICCI has ceased admission of nursing students and agrees to continue to not admit new students during the period prior to the effective date of its surrender.

    Paragraph 20:   ICCI agrees to submit to the Executive Director of the Board a plan for winding down the operations of the school allowing for the education of its current nursing students. The plan shall be submitted by ICCI to the Executive Director by October 23, 2015 for Executive Director approval, such approval not to be unreasonably denied.  Failure to obtain approval by November 2, 2015 shall result in the scheduling of a hearing to adjudicate the immediate revocation of ICCI's certificate of approval.



Case 2:17-cv-00331-JAW   Document 1-3   Filed 08/29/17   Page 3 of 3   PageID #: 48

InterCoast Career Institute – Second Amendment to Consent Agreement Regarding Certificate of Approval of LPN Program
Page 3 of 3

12. ICCI understands and agrees that, other than the amendments described above in paragraph 11 of this Amendment, all other terms and condition of the Consent Agreement Regarding Certificate of Approval of LPN Program remain in full force and effect.

13. ICCI further understands that this Amendment, along with the Consent Agreement Regarding Certificate of Approval of LPN Program, constitutes final, non-appealable action regarding ICCI's Certificate of Approval from the Board to provide an LPN educational program in this State.

14. This Amendment is a public record within the meaning of 1 M.R.S. § 402 and will be available for inspection and copying by the public pursuant to 1 M.R.S. § 408.

15. ICCI understands that it does not have to execute this Amendment and that it has the right to consult with an attorney before entering into this Amendment.

16. ICCI has been represented by attorney Ronald Holt, Esq., who has participated in the negotiation of this Amendment.

I, GEETA BROWN, HAVE READ AND UNDERSTAND THE FOREGOING CONSENT AGREEMENT. I UNDERSTAND THE EFFECT IT WILL HAVE ON ICCI'S CERTIFICATE OF APPROVAL. I UNDERSTAND THAT BY SIGNING IT, ICCI WAIVES CERTAIN RIGHTS. I SIGN IT VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY AND AGREE THAT ICCI WILL BE BOUND BY THIS AGREEMENT. I UNDERSTAND THAT THIS AMMENDED CONSENT AGREEMENT CONTAINS THE ENTIRE AGREEMENT AND THERE IS NO OTHER AGREEMENT OF ANY KIND.

DATED: 9/17/2015

FOR ICCI
GEETA BROWN
PRESIDENT, ICCI

FOR THE MAINE STATE
BOARD OF NURSING

DATED: 9/17/2015

KIM ESQUIBEL, PhD, MSN, RN
Executive Director

FOR THE OFFICE OF THE
ATTORNEY GENERAL

DATED: 9/17/15

RONALD O. GUAY
Assistant Attorney General

Effective Date: 9/17/15