UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

STEPHANIE KOUREMBANAS, et al., )
　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　No. 2:17-cv-00331-JAW
　　　　　　　　　　　　　　　　　)
INTERCOAST COLLEGES,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)

**ORDER ON MOTION TO STAY**

The Court concludes that it should not stay this case to allow another District Court time to decide dispositive motions based on a similar, though not identical, issue in another federal case.

### I.　　BACKGROUND

On August 29, 2017, the Plaintiffs initiated a class action lawsuit against InterCoast Colleges (InterCoast), alleging under various theories that InterCoast engaged in fraud in inducing students to borrow money through federally-funded financial aid programs to pay for a Licensed Practical Nursing (LPN) program operated by InterCoast in Maine, when in fact the quality of the education in the InterCoast LPN program was deficient and deceptively below its advertised quality. *Class Action Compl.* (ECF No. 1). On November 7, 2017, InterCoast moved to compel arbitration and to dismiss the lawsuit. *Def.'s Mot. to Compel Arbitration and Dismiss the Case* (ECF No. 7).

On December 6, 2017, the Plaintiffs moved to stay all proceedings and to extend time within which to respond to InterCoast's motion to compel arbitration. *Pls.' Mot. to*

*Stay Proceedings and for Extension of Time to File Opp'n to Mot. to Compel Arbitration* (ECF No. 14) (*Pls.' Mot.*). On December 12, 2017, InterCoast responded to the Plaintiffs' motion to stay and extend time. *Def.'s Opp'n to Pls.' Mot. to Stay Proceedings and for Extension of Time to File Opp'n to Mot. to Compel Arbitration* (ECF No. 17) (*Defs.' Opp'n*). On December 15, 2017, the Plaintiffs filed a reply. *Pls.' Reply to Def.'s Opp'n to Mot. to Stay Proceedings and for Extension of Time to File Opp'n to Mot. to Compel Arbitration* (ECF No. 18) (*Pls.' Reply*).

## II. THE POSITIONS OF THE PARTIES

### A. The Plaintiffs' Position

The Plaintiffs provide the background on other pending litigation that they contend justifies their motion to stay. *Pls.' Mot.* at 3-5. In their motion, the Plaintiffs say that the resolution of summary judgment proceedings in three cases, *California Association of Private Postsecondary Schools v. DeVos*, Case No. 1:17-cv-0999 (D.D.C.) (*CAPPS*), *Commonwealth of Massachusetts v. Department of Education*, Case No. 1:17-cv-01331 (D.D.C.) (*State AGs'*), and *Bauer v. DeVos*, Case No. 1:17-cv-01330 (D.D.C.) (*Bauer*), will impact the pending motion to compel arbitration because they will resolve the enforceability of arbitration clauses in the enrollment agreements for for-profit colleges like InterCoast. *Id.* The Plaintiffs represent that dispositive motions would be decided quickly and that their request for a stay would be only "a few weeks" after the completion of briefing in these cases set to close January 19, 2018. *Id.* at 7.

### B. InterCoast's Opposition

InterCoast opposes the Plaintiffs' motion for a stay, which it says is "for an indefinite period." *Def.'s Opp'n* at 1. InterCoast observes that the Plaintiffs had earlier filed and dismissed a similar lawsuit because of uncertainty about the implementation of the same proposed federal regulation. *Id.* But InterCoast says that the Plaintiffs chose to file this lawsuit when they did, instead of waiting for the other litigation to run its course. *Id.* InterCoast points out that the pendency of this litigation is burdensome because it is required to report Plaintiffs' claims to regulators and others. *Id.* at 2. InterCoast urges the Court to deny the motion to stay as the Plaintiffs should not be allowed to "keep it hanging over InterCoast's head for an indefinite period in the hope that the law may change." *Id.*

### C. The Plaintiffs' Reply

In their reply, the Plaintiffs emphasize that they are seeking only a "<u>temporary</u> stay". *Pls.' Reply* at 1-2 (emphasis in Plaintiffs' reply). Even though they acknowledge that the summary judgment ruling at the district court could be appealed, they stress that they are seeking a stay only until the district court rules. *Id.* at 3. They note that "[b]ut for the CAPPS litigation, the Borrower Defense regulations would have been implemented on July 1, 2017" so they are not looking for the law to change, only for existing regulations to be enforced. *Id.* at 4. The Plaintiffs dispute InterCoast's contention that the pendency of this case, particularly as occasioned by a short stay, will have an adverse impact on InterCoast. *Id.* at 5.

### D. Current Status

On August 21, 2018, the Court asked counsel for an update on the status of the District of Columbia lawsuits. On August 22, 2018, Plaintiffs' counsel responded with a description of developments in the D.C. litigation since January 2018 and on August 27, 2018, InterCoast responded. The parties agree that the D.C. Court has not issued a decision on the *CAPPS*, *State AGs'*, and *Bauer* cases before it. The D.C. Court formally consolidated the *State AGs'* and *Bauer* cases, but delays in complex cases are common, typically for complex reasons. Here, the delay in the disposition of these three cases appears interrelated with supplemental proposed rules from the Department of Education. It is not necessary for purposes of this Order to describe the exact state of the Department of Education position on arbitration clauses for class actions, only that the regulatory issue is in flux. At this point, neither the Plaintiffs nor InterCoast was able to give the Court an accurate estimate of when the D.C. litigation would be resolved at the District Court level.[1]

## III.  DISCUSSION

Federal courts "possess the inherent power to stay [a case] for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). In evaluating whether to issue a stay, a court will generally consider three factors: "(1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party without a stay, and (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F. Supp.

---

[1] The Plaintiffs did not move for oral argument. However, in their response to the Court's recent inquiry about the status of the D.C. Court litigation, the Plaintiffs suggested that the Court schedule an oral argument on the motion to stay. The Court is not clear whether this suggestion is a motion. It was not docketed as a motion. However, to the extent it is a motion for oral argument, the Court DENIES the motion. The Court is comfortable that the issues as presented in writing by the parties are adequately framed and is not comfortable with the additional delay from scheduling and holding an oral argument.

4

2d 132, 134 (D. Me. 2009). "The movant bears the burden of demonstrating that 'a stay is appropriate.'" *Frangos v. Bank of N.Y. Mellon*, No. 16-cv-436-LM, 2017 U.S. Dist. LEXIS 165249, at *5 (D.N.H. Oct. 5, 2017) (quoting *Emseal Joint Sys., Ltd. v. Schul Int'l Co.*, No. 14-cv-358-SM, 2015 U.S. Dist. LEXIS 40332, at *4 (D.N.H. Mar. 27, 2015)).

The Court concludes that the Plaintiffs have not met their burden of demonstrating that this case should be stayed pending resolution of the lawsuits in the District of Columbia. In regard to the first factor, the Court cannot know with any precision what harm InterCoast is experiencing as a consequence of this lawsuit. InterCoast mentions a need to disclose its existence to regulators and others. But it is not specific. In general, lawsuits do not improve with time; the longer litigated, the more trouble for the parties. The Court assumes that a class action pending against a for-profit education business, like InterCoast, must mean that the business suffers some harm from its disclosure obligations to financial institutions, regulators, and others, and that InterCoast would benefit from an expeditious resolution of the matter.

As to the second factor, the Plaintiffs, knowing that the resolution of the other litigation could affect their lawsuit, chose the timing of this newest lawsuit, and elected to file it on August 29, 2017, after all three District of Columbia lawsuits had been filed. *Pls.' Mot.* at 3 (*CAPPS* filed on May 24, 2017, *State AGs'* on July 6, 2017, *Bauer* on July 6, 2017). In choosing to file this lawsuit after the other cases had been filed but before they were resolved, the Plaintiffs decided to proceed in this Court

despite the uncertainty created by the pendency of the other lawsuits. By filing their lawsuit when they did, the Plaintiffs created their own prejudice.

Third, it is true that once the District Court for the District of Columbia resolves the arbitration issue and if the parties accept its resolution, the need for the parties to research and brief the arbitration issue and for this Court to research and decide it would be obviated. Thus in this sense, a stay would enhance judicial efficiency. But the D.C. District Court could issue its decision at any time and the parties and the Court could still take appropriate action based on the content of the District Court's order.

In addition to these three factors, the Court considered several matters unique to this case. First, by delaying its ruling, the Court has effectively given the Plaintiffs nine months, longer than the few weeks it originally contemplated, but the dispositive motions in the District of Columbia remain unresolved, even though the Plaintiffs optimistically and inaccurately predicted a resolution within weeks of the January 19, 2018 filings. Based on the recent information from counsel, there is no reason to believe that an order will be forthcoming sooner than later. Meanwhile, the Plaintiffs' lawsuit remains pending here.

Second, even though the Plaintiffs say they will abide by the ruling of the District Court for the District of Columbia, InterCoast has not. If the District Court rules that InterCoast's arbitration clause is ineffective, InterCoast has not agreed to accept that decision for purposes of this case, so the Court could nevertheless be required to resolve the issue presented by the pending motion to compel arbitration, regardless

of how the District Court for the District of Columbia rules. At the same time, if the District Court for the District of Columbia rules that the arbitration clause is enforceable, the Plaintiffs have agreed to abide by that ruling and their concession would expedite the resolution of InterCoast's motion to compel arbitration. But to delay the disposition of the pending motion to arbitrate on the supposition that another court could decide a motion in a particular way seems unwarranted.

In sum, it is wiser to move this case along and to decide the pending motion to compel arbitration based on the arguments of counsel than to wait for another District Court to rule on a similar, though not identical, issue in another case.

IV. **CONCLUSION**

The Court DENIES in part and GRANTS in part Plaintiffs' Motion to Stay Proceedings and for Extension of Time to File Opposition to Motion to Compel Arbitration (ECF No. 14). The Court DENIES the Plaintiffs' motion insofar as they request that the Court stay this lawsuit. The Court GRANTS the Plaintiffs' motion insofar as they request an extension of time to respond to Defendant's Motion to Compel Arbitration. The Court ORDERS the Plaintiffs to file any opposition within twenty-one days of the date of this Order and ORDERS the Defendant to file any reply within fourteen days of the date of Plaintiffs' filing. *See* D. ME. LOC. R. 7(b), (c).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2018