UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHANIE KOUREMBANAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00331-JAW |
| | ) | |
| INTERCOAST COLLEGES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR RECONSIDERATION AND TO ALTER JUDGMENT**

Upon post-judgment motion of the class action plaintiffs and without objection from the defendant, the Court amends its judgment to stay, rather dismiss this class action lawsuit, because plaintiffs' counsel alerted the Court that there may be some potential statute of limitations issues if the matter were dismissed.

I.   **BACKGROUND**

On August 29, 2017, the Plaintiffs initiated a class action lawsuit against InterCoast Colleges (InterCoast). *Class Action Compl.* (ECF No. 1). On November 7, 2017, InterCoast moved to compel arbitration and to dismiss the lawsuit. *Def.'s Mot. to Compel Arbitration and Dismiss the Case* (ECF No. 7). On December 6, 2017, the Plaintiffs moved to stay all proceedings and to extend time within which to respond to InterCoast's motion to compel arbitration. *Pls.' Mot. to Stay Proceedings and for Extension of Time to File Opp'n to Mot. to Compel Arbitration* (ECF No. 14). The Court delayed considering the motion until August 27, 2018, at which time the Court denied the Plaintiffs' motion to stay but granted Plaintiffs' motion to extend time to

respond to InterCoast's motion to compel arbitration. *Order on Mot. to Stay and Mot. to Extend Time to Respond to Def.'s Mot. to Compel Arbitration* (ECF No. 19). On February 28, 2019, the Court granted InterCoast's motion to compel arbitration. *Order on Mot. to Compel and Dismiss* (ECF No. 36).

On March 14, 2019, the Plaintiffs filed a motion for reconsideration and requested the Court to alter its judgment. *Mot. for. Recons. and to Alter J.* (ECF No. 38) (*Pls.' Mot.*). On April 4, 2019, InterCoast responded and stated it "does not object to the issuance of an order altering the Court's judgment" to stay the case pending arbitration, rather than dismiss it without prejudice. *Def.'s Resp. to Pls.' Mot. for Recons. and to Alter J.* (ECF No. 43).

## II. DISCUSSION

Courts "enjoys 'considerable' discretion" when ruling on a Rule 59(e) motion. *Carrero-Ojeda v. Autoridad De Energía Eléctrica*, 755 F.3d 711, 723 (1st Cir. 2014) (citation omitted). Local Rule 7(f) provides

> A motion to reconsider an interlocutory order of the Court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law and shall be filed within 14 days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time.

D. ME. LOC. R. 7(f). The Plaintiffs state that "the parties did not brief the issue of limitations and the Court did not ask for argument on this issue, there is a real danger that some of Plaintiffs' claims—and claims of the putative class members—would be subject to dismissal in arbitration due to expired statutes of limitations." *Pls.' Mot.* at 2. Specifically, the Plaintiffs state:

2

> Count II of the complaint—brought by Plaintiffs Kourembanas, Jean Baptiste, and Mande—alleges that Defendant violated the Massachusetts Consumer Protection Act, Mass. G.L. 93A, § 2, which has a four-year statute of limitations. See Mass. G.L. 260 § 5A. Count III of the complaint—brought by Plaintiff Valley—alleges that Defendant violated New Hampshire unfair practices law, N.H. R.S.A. 358-A:2, which has a three year statute of limitations. See N.H.R.S.A. 358-A:3, IV-a.

*Id.* at 3. In light of when the Plaintiffs enrolled and attended InterCoast, they say there is chance as a result of the Court's ruling granting InterCoast's motion to compel arbitration and dismissing the action, they would be prevented "from moving forward on their state consumer protection claims under Massachusetts and New Hampshire law, and likely would prejudice other class members even more severely—especially those that enrolled at InterCoast prior to March 2013, as these individuals also could lose claims with 6-year limitations period." *Id.* at 3-4. As a result, they ask the Court to "reconsider its Order, alter the judgment of dismissal without prejudice, and order this action stayed pursuant to the FAA pending the outcome of arbitration." *Id.* at 5.

In *Baker v. Securitas Security Services USA, Inc.*, 432 F. Supp. 2d 120, 127 (D. Me. 2006), the plaintiff's claims against the defendant were arbitrable and the Court found there were several advantages to dismissal. Yet, the Court stayed the action in light of the parties' concern over potential statute of limitations issues. *Id.* In *Bercovitch v. Baldwin School, Inc.,* 133 F.3d 141, 156 & n.21 (1st Cir. 1998), the Court of Appeals for the First Circuit stated that district courts retain discretion either to dismiss or to stay a case. Considering the issues raised and the parties' positions, the Court concludes staying the action is appropriate. *See Venegas-Hernandez v. Sonolux*

3

*Records*, 370 F.3d 183, 190 (1st Cir. 2004) (citation omitted) (Courts exercising their discretion in deciding whether to grant or deny a Rule 59(e) motion "requires a balancing of the need for finality of judgments with the need to render a just decision").

## III. CONCLUSION

The Court GRANTS Plaintiffs' Motion for Reconsideration and to Alter Judgment (ECF No. 38). The Court ALTERS its Judgment (ECF No. 37) and ORDERS this action STAYED pending the outcome of arbitration.

To maintain control of its docket, this Court ORDERS counsel to prepare and file a joint status report within six months from the date of this Order or by the end of October 2019, and no later than every six months thereafter until the matters are resolved.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2019